**Lenahan & Dempsey, P.C.**
By: Kelly J. Lenahan, Esquire
I.D. No. 90748                                    Attorneys for Plaintiffs
116 N. Washington Avenue
Lenahan & Dempsey Professional Building
Suite 400
P.O. Box 234
Scranton, Pennsylvania 18501-0234
(570) 346-2097 Telephone
(570) 346-1174 Facsimile
E-Mail: kjl@lenahandempsey.com

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARON ARDOLINE and          :
SCOTT ARDOLINE,              :
HER HUSBAND                  :
                             :
          Plaintiffs,        :
     v.                      :          CIVIL ACTION NO:
                             :
                             :
HAROLD PIERSMA,              :
8059853 CANADA INC. O/A      :
SUNSPACE LOGISTICS,          :
8059853 CANADA INC. d/b/a    :
ONTARIO TRANSPORT COMPANY    :
and SUNSPACE MODULAR         :
ENCLOSURES, INC.,            :
                             :
          Defendants.        :          JURY TRIAL DEMANDED


## COMPLAINT

**COME NOW**, the Plaintiffs, Sharon Ardoline and Scott Ardoline, her

husband, who, by and through their undersigned counsel, Lenahan &

Dempsey, P.C., by Kelly J. Lenahan, Esquire, aver as follows against the Defendants, Harold Piersma, 8059853 Canada INC O/A Sunspace Logistics, 8059853 Canada INC d/b/a Ontario Transport Company, and Sunspace Modular Enclosures, Inc.:

1.    **Plaintiff**, Sharon Ardoline (**Plaintiff Wife**) and Scott Ardoline (**Plaintiff Wife**) are adult, competent individuals currently residing at 208 Susquehanna Avenue, Wyoming, Luzerne County, Pennsylvania.   At all times relevant herein, Sharon Ardoline and Scott Ardoline were legally husband and wife.

2.    **Defendant**, Harold Piersma, (**Defendant Driver**) is, upon information and belief, a competent adult individual, who presently resides at 176 Massey Road, Cobourg RS, Ontario, Canada.

3.    **Defendants**, 8059853 Canada INC O/A Sunspace Logistics, 8059853 Canada INC d/b/a Ontario Transport Company, and  Sunspace Modular Enclosures, Inc. (hereinafter collectively, **Defendant Trucking**) is, upon information and belief, a corporation, licensed by the I.C.C. and engaged in the trucking industry, which services several  U.S. states (and Canada), including Pennsylvania, and which has a primary business address of 300 Toronto Street, New Castle, Ontario, Canada and which regularly hauls freight in the Commonwealth of Pennsylvania.

4.      At all times pertinent hereto, **Defendant Driver**, Harold Piersma, was the agent, servant, workman and/or employee of **Defendant Trucking**, and was acting within the course and scope of his employment.

5.      Jurisdiction for this Federal lawsuit is founded upon complete diversity of citizenship and a claim in excess of $75,000 pursuant to 28 U.S.C. §1332.   Venue for this claim is within the United States District Court for the Middle District of Pennsylvania, which is where the cause of action arose and the injuries of the **Plaintiff Wife**, as described herein, took place.

6.      At all times relevant herein, **Plaintiff Wife**, was the owner and operator of a 2013 Toyota Corolla registered in the Commonwealth of Pennsylvania and bearing license plate number JGY0958.

7.      At all times pertinent hereto, **Defendant Driver** was the operator of a Volvo tractor trailer, bearing Ontario, Canada license plate 9702PK, which vehicle was owned by **Defendant Trucking**.

8.      At approximately 8:45 pm, on July 16, 2015, **Plaintiff Wife** was waiting at a red traffic signal on the Route 309 N. exit ramp onto South River Street in Plains Township, Pennsylvania, Luzerne County, Pennsylvania. She was in the far right lane intending upon turning right onto Maffet Street when suddenly, and without warning, the **Defendant Driver**, who was in the

middle right turning lane, immediately to the left of **Plaintiff Wife**, improperly negotiated a wide right turn crossing over into **Plaintiff Wife's** lane of travel.

9.     Because this lane was already occupied by **Plaintiff Wife's** vehicle at the time of this wide turn, the **Defendants'** tractor trailer struck the Ardoline vehicle on the driver's side with sufficient force that Plaintiff wife suffered severe personal injuries.

10.    At all times relevant herein, the impact/collision, which resulted from the tractor trailer striking the Ardoline vehicle, occurred in **Plaintiff Wife's** lane of travel, and not in the tractor trailer's lane of travel.

11.    It is believed and averred **Defendant Driver**, in the course and scope of his employment with **Defendant Trucking**, was not attentive to the roadway and road conditions, then and there existing, and was operating the tractor trailer with careless disregard to other vehicles on the roadway, including **Plaintiff Wife**, which caused the tractor trailer to cross into **Plaintiff Wife's** lane of travel, thereby causing the aforementioned collision.

12.    It is further believed and averred **Defendant Driver** was operating the tractor trailer while excessively fatigued, and/or in excess of his regulated hours of travel, which rendered it unsafe for him to travel upon the roadways of the Commonwealth of Pennsylvania.   By operating this tractor trailer while excessively fatigued, he failed to give sufficient attention

to the roadway, in reckless disregard to the motoring public including Plaintiff Wife.

13.   The aforementioned conduct demonstrates a reckless indifference to the safety of the **Plaintiff**, and subjects **Defendant Driver** to punitive damages, as described in Count II of **Plaintiff's** Complaint.

14.   Because **Defendant Driver** was operating this tractor trailer in the course and scope of his employment with **Defendant Trucking**, **Defendant Trucking** is also vicariously liable for all punitive damages assessed against its employee, **Defendant Driver**, for the reasons set forth in Count II, by operation of **Shiner v. Moriarity**, 706 A.2d 1228 (Pa. Super. 199

15.   At all times relevant to the Complaint, **Plaintiff Wife** was not negligent in a contributory or comparative fashion.

16.   At all times relevant to this Complaint, **Plaintiff Wife** carried the "full tort" option on her policy of automobile insurance. Furthermore, because the tractor trailer was a vehicle registered outside of the United States (Ontario, Canada), tort selection is inapplicable pursuant to 75 Pa. C.S.A. §1705 (d)(1)(ii).

17.   As a direct and proximate result of the aforesaid collision, **Plaintiff Wife** sustained serious permanent personal injuries, loss and disabilities including but not limited to:

 a. traumatic cervical disc herniations;

 b. cervical radiculopathy/radiculitis;

 c. post traumatic headaches;

 d. severe neck pain;

 e. nerve injuries;

 f. cervical sprain/strain;

 g. restriction in range of motion of her spine;

 h. aggravation of pre-existing conditions;

 i. muscle spasms;

 j. weakness in affected areas;

 k. diffuse and traumatic injuries to the bones, joints, tissues, and muscles of **Plaintiff Wife's** entire body; and

 l. any and all injuries listed in **Plaintiff Wife's** medical records.

18.   Each of the aforementioned disabling injuries, losses, and disabilities sustained by **Plaintiff Wife** as a result of the subject collision have caused and will cause pain for an indefinite time in the future and

continue to cause great pain, agony and suffering, both physical and mental, which will require future medical care for the lifetime of **Plaintiff Wife**.

19.    As a direct and proximate result of the negligent and careless actions of the **Defendants**, **Plaintiff Wife** was forced to undergo medical treatment and testing, including, but not limited to: medical facility visits, x-rays, MRIs, physical therapy, injection therapy, use of pain medications, and all other treatment and therapies listed in **Plaintiff Wife's** medical records.

20.    As a further result of the aforesaid accident and injuries sustained, **Plaintiff Wife** has, and will/may, forever in the future, be forced to expend various and substantial sums of money for medicine and medical attention in and about endeavoring to treat and cure her injuries, all to her financial loss and damage.

21.    As a result of the aforesaid accident and injuries sustained, **Plaintiff Wife** has been, and continues to be, unable to go about her daily occupations and activities.

22.    As a result of the aforesaid accident and injuries sustained, **Plaintiff Wife** has suffered and will for an indefinite time into the future suffer physical pain, mental anguish, humiliation, embarrassment, and loss of the pleasures of everyday life.

23.   As a result of the aforesaid accident and injuries sustained, **Plaintiff Wife** will/may incur financial expenses which do or may exceed amounts which she may be otherwise entitled to recover.

24.   As a direct and proximate result of the negligence and carelessness of the **Defendants**, **Plaintiff Wife** has experienced the following harm, damages and losses:

   a.   Past, present, and future pain and suffering;

   b.   Past, present, and future emotional distress, embarrassment, humiliation, and mental anguish;

   c.   Past, present, and future medical expenses;

   d.   Past, present, and future loss of life's pleasures;

   e.   Past, present, and future disfigurement;

   f.   Past, present, and future disability, with loss of past, present, and future loss of earnings and earning capacity.

25.   **Plaintiff Husband**, Scott Ardoline, alleges a claim for loss of consortium based upon the injuries, disabilities, and losses to his spouse. **Plaintiff Husband** has been, and will in the future continue to be deprived of his wife's aid, comfort, service, and society, companionship, and affection, all to his great detriment and loss.

## COUNT I
## PLAINTIFFS V. DEFENDANT DRIVER HAROLD PIERSMA
## NEGLIGENCE

26.   **Plaintiffs** repeat and re-allege each and every allegation and averment set forth in paragraphs 1 through 25 above as if set forth at length herein.

27.   The negligent conduct of the **Defendant Driver**, consisted of the following:

(a)   failure to properly control the tractor trailer he was operating, thereby crossing into the adjacent lane and crashing into the vehicle being driven by **Plaintiff Wife**;

(b)   failure to negotiate a safe and careful turn so as to avoid striking another vehicle;

(c)   failure to take proper and evasive action so as to avoid striking another vehicle;

(d)   operating the tractor trailer without due and proper regard for the rights, safety and position of the **Plaintiff**;

(e)  operating the tractor trailer in such a manner as to bring it into forcible contact with another's vehicle;

(f)  failure to remain attentive and alert at all times;

(g)  failure to maintain a proper and adequate lookout of the roadway and traffic conditions;

(h)  operating the tractor trailer at a high and excessive rate of speed under the circumstances then and there existing;

(i)  creating a hazardous situation by failing to check for and observe **Plaintiff Wife's** vehicle in the adjacent turning lane immediately to his right;

(j)  failing to maintain the tractor trailer in proper mechanical and operating condition;

(k)  failing to yield the right-of-way to the vehicle then operated by **Plaintiff Wife**;

(l)  failure to abide by the traffic laws of the Commonwealth of Pennsylvania;

(m)   driving the tractor trailer unit in careless disregard to **Plaintiff Wife**;

(n)   failing to stay or remain in his own proper, lane of travel;

(o)   failing to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of Plains Township, in and about operating the tractor trailer on the highways and roadways of the Commonwealth of Pennsylvania;

(p)   operating the tractor trailer in violation of the rules and regulations of the Federal Motor Carrier Safety Administration ("FMCSA");

(r)   driving beyond hours of service requirements;

(s)   driving with log book violations;

(t)   operating the aforesaid tractor trailer when he knew or should have known that he was excessively tired and/or fatigued to do so in a safe and reasonable manner;

(u) failing to properly control his tractor trailer unit in light of the circumstances then and there existing;

(v) failing to react reasonably and appropriately in response to the traffic conditions and roadway design then and there existing;

(w) failing to make necessary and reasonable observations while operating his tractor trailer unit;

(x) failing to utilize appropriate safety equipment;

(y) failing to provide warning to oncoming motorists of his dangerous and unsafe wide turn;

(z) violating both the written and unwritten policies, rules, guidelines and regulations of the **Defendant Trucking**;

(aa) failing to apprise himself of and/or abide by the written and unwritten policies, procedures and/or guidelines of the **Defendant Trucking**;

(bb) failing to apprise himself of the FMCSA;

(cc)   failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

(dd)   failing to perform and/or adequately perform a pre-trip inspection;

(ee)   operating his tractor trailer unit when he knew or should have known that he was unable to operate the vehicle in a safe and reasonable manner;

(ff)   continuing to operate his tractor trailer unit when he knew or should have known that further operation would pose an unreasonable risk of injury and/or harm to those traveling upon the roadway;

(gg)   failing to ensure the tractor trailer that he was operating was sufficiently conspicuous to other motorist operating on the roadway;

(hh)   failing to comply with industry standards;

(ii)   driving while excessively tired or overly fatigued, and in violation of his regulated hours of operation of a tractor trailer.

28.   The negligent actions of the **Defendant Driver**, were a factual cause of the **Plaintiffs'** harm, injuries and all of the damages, all of which

have been set forth in the preceding and proceeding paragraphs of this Complaint.

29.     At all times pertinent hereto, **Defendant Driver** was the agent, servant and/or employee of **Defendant Trucking** and was acting within the scope and course of that authority, agency, employment and consent at the time of the subject motor vehicle collision, making **Defendant Trucking** vicariously liable for his tortious conduct.

**WHEREFORE,** the **Plaintiffs**, Sharon Ardoline and Scott Ardoline, her husband, demand judgment against the **Defendant**, Harold Piersma, in an amount in excess of $75,000.00 plus costs and interest as the Court and jury may award.

<u>COUNT II</u>
<u>PLAINTIFFS V. DEFENDANT DRIVER HAROLD PIERSMA</u>
<u>RECKLESSNESS</u>

30.     **Plaintiffs** repeat and re-allege each and every allegation and averment set forth in paragraphs 1 through 29 above as if set forth at length herein.

31.     In addition to the above-referenced acts, **Plaintiffs**, Sharon and Scott Ardoline, allege that the following actions/inactions constitute a reckless and conscious indifference towards **Plaintiffs'** rights and safety and the

consequences of **Defendant Driver's** actions further demonstrate outrageous, wanton and gross indifference as follows:

(a.)      knowingly and deliberately violating the law by driving in excess of allowed hours of safe operation;

(b.)      driving while excessively fatigued or over tired which impaired his reaction time and judgment to the extent that a collision resulted;

(c.)      knowingly and deliberately operating the tractor trailer in a reckless and endangering fashion by failing to follow applicable Federal Motor Carrier Safety Regulations, such as those that dictate driving hours and operating a vehicle while excessively fatigued;

(d.)      deliberately engaging in activity/inactivity that prevented his ability to keep attentive to the roadway;

(e.)      consciously engaging in the aforementioned conduct when **Defendant Driver** knew or should have known that doing so posed a risk to **Plaintiff Wife** and the motoring public in general;

(f.)       knowingly and deliberately by his conduct, as aforesaid, being consciously indifferent to the rights and safety of **Plaintiff Wife**.

(g.)      knowingly violating the motor vehicle laws of the Commonwealth of Pennsylvania and the FMCSA.

32.    **Plaintiffs** allege that this conduct of the **Defendant Driver** as alleged above, which is adopted herein and incorporated by reference, constitutes a reckless and conscious indifference to the rights and safety of the **Plaintiffs** and the consequences of **Defendant Driver's** actions (as described herein) further demonstrate outrageous, wanton, and gross indifference to the rights of the **Plaintiffs.  As** a result, **Plaintiffs** are entitled to an award of punitive damages against the **Defendant Driver.**

**WHEREFORE,** the **Plaintiffs**, Sharon Ardoline and Scott Ardoline, her husband, demand judgment against the **Defendant**, Harold Piersma, in an amount in excess of $75,000.00 plus costs and interest, and punitive damages, as the Court and jury may award.

## COUNT III
## PLAINTIFFS V. DEFENDANT TRUCKING
## CORPORATE NEGLIGENCE

33.    **Plaintiffs** incorporate by reference and re-allege each and every allegation and averment set forth in paragraphs 1 through 32 of this Complaint above as if set forth at length herein.

34.    The negligent and careless conduct of **Defendant Trucking**, consisted of the following:

      (a)    failing to properly train, monitor and supervise its employees, drivers and/or agents, including **Defendant Driver**;

      (b)    failing to adopt and/or enforce employee manuals and/or training procedures;

      (c)    permitting **Defendant Driver** to operate the subject tractor trailer under its authority when it knew or should have known that such operation posed a risk to others lawfully on the roadway;

      (d)    failing to adopt appropriate safety policies and procedures for its employees, drivers and/or agents;

(e)     failing to instruct its employees, drivers and/or agents regarding safe and proper negotiation of turns from the middle travel lane;

(f)     failing to ensure its drivers, employees and/or agents were aware of and complied with the laws of the Commonwealth of Pennsylvania, the FMCSA regulations and local ordinances pertaining to the safe operation of freightliners;

(g)     failing to require that his drivers attend safety meetings;

(h)     failing to hire and train competent drivers to operate vehicles, driven under its authority, in a safe and effective manner;

(i)     failing to thoroughly investigate the background of **Defendant Driver** regarding his ability to safely operate a tractor trailer;

(j)     allowing a tractor trailer to be driven under its direction, control or authority when it knew or should have known that **Defendant Driver** would operate the aforementioned vehicle negligently, recklessly, and/or carelessly;

(k)     failing to thoroughly monitor and evaluate the driving performance of **Defendant Driver** before hiring him to

drive the aforementioned tractor trailer at its direction and control;

(l)   failing to ensure that **Defendant Driver** was adequately trained and experienced to operate a tractor-trailer and conduct all necessary aspects of safe operation;

(m)   failing to supervise employees, drivers or agents, particularly **Defendant Driver**, to ensure proper and safe operation of tractor-trailers driven under its authority;

(n)   failing to supervise employees, drivers, or agents, particularly **Defendant Driver**, to ensure its drivers are keeping proper log books;

(o)   failing to supervise employees, drivers or agents, particularly **Defendant Driver**, to ensure its drivers are not exceeding travel hours or driving while excessively fatigued or tired;

(p)   failing to provide appropriate training to its employees, drivers or agents, such as **Defendant Driver**, to avoid or lessen the likelihood of collisions wherein its driver crosses into the adjacent lanes of travel while negotiating a wide

turn without yielding to the traffic already occupying that
lane;

(q)     allowing a vehicle to be driven under its control and
authority on the roads of this Commonwealth without due
regard to the safety of others traveling on the roads; and

(r)     carelessly allowing a large commercial vehicle to be driven
under its control and authority when it  knew or should
have known that **Defendant Driver** was incapable of safe
driving and/or would attempt unreasonably unsafe
maneuvers.

35.     The negligent actions of **Defendant Trucking**, were a factual
cause of the **Plaintiffs'**  injuries and all of the damages, all of which have
been set forth in the preceding and proceeding paragraphs of this
Complaint.

**WHEREFORE,**  the **Plaintiffs**, Sharon Ardoline and Scott Ardoline, her
husband, demand judgment against the **Defendant Trucking**, 8059853
Canada INC O/A Sunspace Logistics, 8059853 Canada INC d/b/a Ontario
Transport Company, and  Sunspace Modular Enclosures, Inc.  in an amount
in excess of $75,000.00 plus costs and interest, as the Court and jury may
award.

## COUNT IV
## PLAINTIFFS V. DEFENDANT TRUCKING
## VICARIOUS LIABILITY

36.     **Plaintiffs** incorporate by reference and re-allege each and every allegation and averment set forth in paragraphs 1 through 35 of this Complaint above as if set forth at length herein.

37.     As alleged herein, **Defendant Driver** was the agent, servant and/or employee of **Defendant Trucking** at the time when this collision occurred.   Moreover, **Defendant Driver** was operating the tractor trailer rig, which was involved in the collision in interstate commerce under the **I.C.C. Authority** granted **Defendant Trucking** to allow it to operate its trucking/hauling business in Pennsylvania.   The rig driven by **Defendant Driver** had placards on both the tractor and trailer units which confirmed that said rig was being driven in interstate commerce by the agent, servant and/or employee of **Defendant Trucking**.

38.     By virtue of Pennsylvania's Common Law and Federal Laws and Regulations, **Defendant Trucking** is vicariously liable for all of the tortious conduct of **Defendant Driver.**

39.     Because **Defendant Driver** was operating this tractor trailer in the course and scope of his employment with **Defendant Trucking**, **Defendant Trucking** is also vicariously liable for all punitive damages

assessed against its employee, **Defendant Driver**, for the reasons set forth in Count II, by operation of **Shiner v. Moriarity**, 706 A.2d 1228 (Pa. Super. 199).

**WHEREFORE,** the **Plaintiffs**, Sharon Ardoline and Scott Ardoline, her husband, demand judgment against the **Defendant Trucking**, 8059853 Canada INC O/A Sunspace Logistics, 8059853 Canada INC d/b/a Ontario Transport Company, and  Sunspace Modular Enclosures, Inc.  in an amount in excess of $75,000.00 plus costs and interest, and punitive damages, as the Court and jury may award.

                       **Respectfully submitted,**

                       **Lenahan & Dempsey, P.C.**

**By** _____

                       **Kelly J. Lenahan, Esquire**